PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 60]

Name of Offender: Brandon J. Howard          Case Number: 3:06-00070-01

Name of Judicial Officer: Honorable John T. Nixon, Senior United States District Judge

Date of Original Sentence: March 16, 2007

Original Offense: 18 U.S.C. § 922 (g) Felon in Possession of a Firearm

Original Sentence: 72 months' custody and 3 years' supervised release

Type of Supervision: Supervised Release          Date Supervision Commenced: August 21, 2012

Assistant U.S. Attorney: Alex Little          Defense Attorney: Caryll Alpert

### PETITIONING THE COURT

____ To issue a Summons.
____ To issue a Warrant.
_X_ To Consider Additional Violations/Information.

## THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☒ The Consideration of Additional Alleged Violations/Information
☐ Other

Considered this 17th day of May, 2013, and made a part of the records in the above case.

_____
John T. Nixon
Senior U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U. S. Probation Officer

Place     Nashville, TN

Date     May 14, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 60, has been amended as follows:

    Violation No. 1 - has been amended to include additional positive drug tests
    Violation No. 6 - has been amended to include new employment information

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall refrain from unlawful use of a controlled substance.** |

Mr. Howard has tested positive for illegal drugs on seventeen occasions.

| | | | |
|---|---|---|---|
| September 4, 2012 | January 2, 2013 | February 8, 2013 | April 17, 2013 |
| September 14, 2012 | January 17, 2013 | February 13, 2013 | May 6, 2013 |
| September 20, 2012 | January 28, 2013 | February 19, 2013 | |
| November 26, 2012 | January 30, 2013 | February 26, 2013 | |
| December 14, 2012 | February 6, 2013 | March 11, 2013 | |

He tested positive for cocaine on eleven occasions and tested positive for marijuana on twelve occasions. Mr. Howard admitted on January 7, 2013, that he has regularly been using illegal drugs since he was released to supervision. He has denied new use of illegal drugs since January 31, 2013, though he has continued to test positive. Mr. Howard last tested positive for cocaine on May 6, 2013, and last tested positive for marijuana on February 19, 2013. Since his first positive drug test on September 4, 2012, he has tested negative on fourteen occasions.

2.    **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the U.S. Probation Office.**

Mr. Howard failed to report for drug testing on eight occasions.

| | | |
|---|---|---|
| August 27, 2012 | January 14, 2013 | January 23, 2013 |
| January 9, 2013 | January 16, 2013 | January 25, 2013 |
| January 11, 2013 | January 21, 2013 | |

Mr. Howard has missed drug treatment on November 14 and December 27, 2012. He stated that he missed treatment on November 14, 2012, due to getting a flat tire on his vehicle.

3.    **The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.**

Mr. Howard admitted on November 16, 2012, that he had been driving to treatment with another offender on supervised release, William Martin. William Martin has been convicted of Felon in Possession of a Firearm. Mr. Howard was not given permission to associate with Mr. Martin.

4. **The defendant shall not commit another federal, state or local crime.**

   Mr. Howard admitted on October 18, 2012, that he did not have insurance for his automobile. He was instructed to obtain insurance and provide proof of the insurance within the next month. Mr. Howard failed to obtain insurance and provide proof of insurance as instructed. He was advised on multiple occasions that driving without insurance is a violation of the law. He stated that he could not afford car insurance, though pays $400 per month for a car payment. Mr. Howard finally obtained car insurance and showed proof of in February 2013.

   On January 8, 2013, Mr. Howard was charged with Driving on a Suspended License. On January 14, 2013, Mr. Howard was charged with Driving on a Suspended License, 2nd Offense. He obtained his license and the charges were dismissed on February 1, 2013.

5. **The defendant shall not operate a motor vehicle without a valid driver's license.**

   Mr. Howard operated a motor vehicle without a valid driver's license as evidenced citations on two occasions for Driving on a Suspended License, on January 8 and January 14, 2013.

6. **The defendant shall maintain verifiable employment subject to the approval of the United States Probation Officer and provide any documentation requested by the Probation Office.**

   Mr. Howard was fired from his employment with Southern Steak and Oyster in January 2013. He stated that he has been working with M-W Landscaping company since his termination from Southern Steak and Oyster until May 2013 but failed to provide proof of employment until March 2013. Since May 2013, he has been working for Swift Staffing Agency. He is operating a forklift at the Nissan plant.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Howard began supervised release on August 21, 2012. He is scheduled to terminate supervision on August 20, 2015.

A report was submitted to the Court on September 24, 2012, to inform that Mr. Howard tested positive for illegal drugs on three occasions and failed to report for drug testing on one occasion. He was referred for substance abuse treatment on September 20, 2012. He began treatment on October 16, 2012.

A report was submitted to the Court on December 11, 2012, to inform that Mr. Howard tested positive for illegal drugs on another occasion, missed drug treatment and had been associating with a convicted felon without permission. He was warned that further drug use could result in revocation of his supervised release.

Following his positive drug test on November 26, 2012, Mr. Howard was offered increased substance abuse treatment but refused the increase, as it would interfere with his work schedule.

A petition for a summons was submitted to the Court on January 4, 2013. A summons was ordered by Your Honor on February 9, 2013. Mr. Howard reported to the probation office on January 7, 2013, and was instructed to pursue inpatient substance abuse treatment at Elam. He was admitted into the program on February 1, 2013, and stepped down to Intensive Outpatient Treatment Program (IOP) on February 6, 2013. The IOP program consisted of an 8-week course of treatment where he attended Mondays through Thursdays

from 9:00 a.m.-12:00 p.m. A revocation hearing was held before Your Honor on March 22, 2013. The hearing was continued for three months. Mr. Howard began receiving mental health medication following a psychiatric medication appointment on March 27, 2013. He successfully completed the IOP program on April 25, 2013. He has not yet begun the aftercare program with Elam. Mr. Howard has returned to using cocaine despite the efforts of the probation office and the various treatment programs in which he has participated.

**Update of Offender Characteristics:**

Mr. Howard has been working for Swift Staffing since May 2013.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that the additional violations be considered at the Revocation Hearing scheduled before Your Honor on July 10, 2013. Based on Mr. Howard's return to the use of illegal drugs and his current operation of heavy equipment as part of his employment, an earlier revocation hearing might be warranted. This matter has been reported to the U.S. Attorney's Office and they concur with the recommendation.

Approved: _____
Britton Shelton
Supervisory U. S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. BRANDON J. HOWARD, CASE NO. 3:06-00070-01

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 3, 2003     VCCA PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 8-14 months U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No recommendation |

Revocation is mandatory if the defendant, as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year. 18 U.S.C. § 3583(g)(4). The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule section 3583 (g) when considering any action against a defendant who fails a drug test. 18 U.S.C. § 3583 (d).

**Guideline Policy Statements:** Upon finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted

Joshua Smith
U. S. Probation Officer

Approved: Britton Shelton
Supervisory U. S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Brandon J Howard

2. **Docket Number** *(Year-Sequence-Defendant No.)* _____

3. **District/Office** Middle Tennessee

4. **Original Sentence Date** ____ / ____ / _____
                             month   day   year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | positive drug tests | C |
   | failure to report for drug testing | C |
   | association with a convicted felon | C |
   | new crime | C |
   | operating a motor vehicle without a valid driver's license | C |
   | failing to provide employment documentation | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    **C**

9. **Criminal History Category** *(see §7B1.4(a))*    **VI**

10. **Range of Imprisonment** *(see §7B1.4(a))*    **8-14 months**

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Brandon J Howard

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) _____ Community Confinement _____

Fine($) _____ Home Detention _____

Other _____ Intermittent Confinement _____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: 1 _____ to 3 _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from _____ imprisonment:

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002